UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROY FINLEY FAULKNER,

       Petitioner,

                              Case No. 4:16-CV-10340
v.                           Honorable Linda V. Parker

SHERMAN CAMPBELL,

       Respondent,
_____/

## OPINION AND ORDER TRANSFERRING CASE TO THE COURT OF APPEALS PURSUANT TO 28 U.S.C. § 2244(b)(3)(A)

### I. Introduction

Roy Finley Faulkner, ("petitioner"), confined at the Carson City Correctional Facility in Carson City, Michigan, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he challenges his conviction out of the Detroit Recorder's Court for first-degree premeditated murder.[1]  For the following reasons, the Court has concluded that it must transfer this case to the Court of Appeals pursuant to 28 U.S.C. § 2244(b)(3)(A).

---

[1] In 1996, the Michigan Legislature abolished the Detroit Recorder's Court and merged its functions with the Wayne County Circuit Court. *See Redmond v. Jackson,* 295 F. Supp. 2d 767, 769, n. 1 (E.D. Mich. 2003)(citing *Anthony v. Michigan,* 35 F. Supp. 2d 989, 996-97 (E.D. Mich. 1999)).

## II. Background

Petitioner previously filed a petition for a writ of habeas corpus challenging this conviction. The petition was denied on the merits. *Faulkner v. Grayson,* U.S.D.C. No. 88-CV-72637-DT (E.D. Mich. March 4, 1989); *aff'd* 88 F. 2d 1391; 1989 WL 134204 (6th Cir. Nov. 8, 1989); *cert. den.* 495 U.S. 922 (1990). Petitioner has since been denied permission by the United States Court of Appeals for the Sixth Circuit to file a second habeas petition on the very claims that he seeks to raise in this petition. *In re Faulkner*, No. 14-2326 (6th Cir. Jan. 5, 2015); *cert. Den.* 136 S. Ct. 254 (2015).

## III. Discussion

An individual seeking to file a second or successive habeas petition must first ask the appropriate court of appeals for an order authorizing the district court to consider the petition. See 28 U.S.C. § 2244(b)(3)(A); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998). Congress has vested in the court of appeals a screening function that the district court would have performed otherwise. *Felker v. Turpin*, 518 U.S. 651, 664 (1996). Under the provisions of the Antiterrorism and Effective Death Penalty Act (AEDPA), a federal district court does not have jurisdiction to entertain a successive post-conviction motion or petition for writ of habeas corpus in the absence of an order from the court of

appeals authorizing the filing of such a successive motion or petition. *Hervey v. United States,* 105 F. Supp. 2d 731, 735 (E.D. Mich. 2000)(citing *Ferrazza v. Tessmer*, 36 F. Supp. 2d 965, 971 (E.D. Mich. 1999)). Unless the Sixth Circuit Court of Appeals has given its approval for the filing of a second or successive petition, a district court in the Sixth Circuit must transfer the petition to the Sixth Circuit Court of Appeals no matter how meritorious the district court believes the claim to be. *Id.* at 735-36; *See also In Re Sims*, 111 F. 3d 45, 47 (6th Cir. 1997).

Petitioner previously filed a habeas petition with the federal courts. Although petitioner would not have been required to obtain a certificate of authorization following the dismissal of his petition if it had been dismissed without prejudice on exhaustion grounds, *See Harris v. Stovall*, 22 F. Supp. 2d 659, 664 (E.D. Mich. 1998), petitioner's first habeas petition was denied on the merits. Petitioner's current habeas petition is a second or successive petition for a writ of habeas corpus and he is therefore required to obtain a certificate of authorization.

Moreover, to the extent that the petitioner is contending that the Sixth Circuit erred in declining to grant him permission to file a second or successive habeas petition, this Court would be without power to grant petitioner relief. A district court lacks the authority to reinstate a habeas petitioner's second or

successive petition for writ of habeas corpus after the Court of Appeals declines to grant petitioner leave to file such a petition. *See White v. Carter,* 27 Fed. Appx. 312, 313-14 (6th Cir. 2001). [2]

Accordingly, the Clerk of Court is ordered to transfer the habeas petition to the United States Court of Appeals for the Sixth Circuit pursuant to *In re Sims* and 28 U.S.C. § 1631. *See Galka v. Caruso,* 599 F. Supp. 2d 854, 857 (E.D. Mich. 2009). Because this appears to be a second or successive habeas petition, it would be error for this Court to dismiss the petition as being time barred, rather than transfer it to the Sixth Circuit, because such a timeliness inquiry would be premature prior to any determination by the Sixth Circuit whether petitioner should be given authorization pursuant to 28 U.S.C. § 2244(b)(3)(A) to file a successive habeas petition. *See In Re McDonald*, 514 F. 3d 539, 543-44 (6th Cir. 2008).

### IV.  Conclusion

Petitioner has not obtained the appellate authorization to file a subsequent petition as required by 28 U.S.C. § 2244(b)(3)(A).  Accordingly, the Court **ORDERS** the Clerk of the Court to transfer this case to the United States Court of

---

[2] In fact, once a panel of the Court of Appeals denies a habeas petitioner permission to file a second or successive habeas petition in the district court, the AEDPA prohibits any party from seeking further review of panel's decision, either from the original panel or from the en banc court. *See In Re King,* 190 F. 3d 479, 480 (6th Cir. 1999).

Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631 and *In Re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

**IT IS FURTHER ORDERED** that Petitioner's motion for appointment of counsel (ECF No. 3) and motion for evidentiary hearing (ECF No. 4) are **DENIED WITHOUT PREJUDICE**. Petitioner will be able to re-file these motions should the Sixth Circuit issue an order authorizing this Court to consider the habeas petition.

**IT IS SO ORDERED**.

> S/ Linda V. Parker
> LINDA V. PARKER
> U.S. DISTRICT JUDGE

Dated: May 18, 2016

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, May 18, 2016, by electronic and/or U.S. First Class mail.

> S/ Richard Loury
> Case Manager